[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION: MOTION TO STRIKE
The plaintiff is the maternal grandparent of two girls aged sixteen and fifteen. She has brought this application pursuant to Connecticut General Statutes Section 46b-59 seeking visitation with the girls against their parents, the defendants. Both defendants have moved to strike the complaint.
A motion to strike is appropriate whenever a party wishes to contest the legal sufficiency of the allegations of a complaint to state a claim on which relief can be granted. Practice Book, Sec. 10-39. In ruling on a motion to strike, the court must take as admitted all well-pleaded facts and those facts necessarily implied from the allegations. Gazo v.Stamford, 255 Conn. 245, 260 (2001).
The plaintiff filed a standard form complaint alleging only that she was the grandparent of the girls and sought visitation with them. However, she attached to the form complaint an affidavit in which she made a number of allegations. For purposes of testing the sufficiency of the complaint, the court treats that affidavit as part of the complaint. In it the petitioner alleged that the girls' parents had been involved in a contentious divorce. She alleged that "throughout all of the proceedings I became very close with my grandchildren, to the extent that a parent like relationship existed between myself and the children" and that she saw them on a daily basis. Finally, she alleged that since her daughter's remarriage the children had become estranged from her, that the estrangement had caused them significant harm, that they had become depressed, withdrawn, detached and hostile and that they no longer interact with her, her family, or her friends.
The Supreme Court has set forth the standard which a non-parent seeking visitation must satisfy in order for the court to have jurisdiction to hear and decide the matter
. . . there are two requirements that must be satisfied in order for a CT Page 4158 court: (1) to have jurisdiction over a petition for visitation contrary to the wishes of a fit parent; and (2) to grant such a petition.
First, the petition must contain specific, good faith allegations that the petitioner has a relationship with the child that is similar in nature to a parent-like relationship. The petition must also contain specific, good faith allegations that the denial of the visitation will cause real and significant harm to the child . . . It must be a degree of harm analogous to the kind of harm contemplated by 46b-120 and 46b-129, namely that the child is "neglected, uncared-for, or dependent." Only if these specific, good faith allegations are made will a court have jurisdiction over a petition.
Roth v. Weston, 259 Conn. 202, 234-35 (2002).
The petitioners in Roth had loving and responsible relations with the respondent's children throughout their lives Id. 207. Those relationships, however, were held not to rise to the level of the parent-like relationship required. Moreover, the Supreme Court determined that the level of harm the children would suffer if visitation were denied was not pleaded or proven, and could not be proven based upon the facts revealed by the record Id. 239, note 18.
In Crockett v. Pastore, 259 Conn. 240 (2002), the Supreme Court addressed the same issue. There, the child's maternal grandmother had visited the child throughout her life, but did not establish proof of the parent-like relationship required by Roth, id. 248. Finally, in Clementsv. Jones, 71 Conn. App. 688 (2002), the Appellate Court addressed the question. There, the child lived with his mother but had a relationship with his grandmother which included baby-sitting, overnight visits, and driving the child to and from school. Allegations of abuse were made against the mother. The Appellate Court held that the relationship was not a parent-like relationship. Id., 695. In addition, the court held that the fact that the petitioner had assisted the child with health related matters did not constitute proof that, in the absence of visitation, the child would suffer the harm necessary to be proven.
Taking the allegations in this complaint to be true, the court finds that they do not satisfy the requirements of Roth v. Weston. Accordingly, the Motion to Strike is granted.
 BY THE COURT, GRUENDEL, J.
CT Page 4159